IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS B. SANNUTI, Individually and as Co-Administrator of the Estate of Vincent V. Sannuti, Deceased, VINCENT A. SANNUTI, Individually and as Co-Administrator of the Estate of Vincent V. Sannuti, Deceased, KRISTI L. SERVELLO, Individually and as Co-Administrator of the Estate of Vincent V. Sannuti, Deceased, CHELSEA P. SANNUTI, and GINA SERVELLO, <br>    Plaintiffs, <br><br>v. <br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC., doing business as "SHERATON SOCIETY HILL HOTEL," FCH/SH LEASING, LLC, doing business as "SHERATON SOCIETY HILL HOTEL," SHERATON OPERATING CORPORATION, doing business as "SHERATON SOCIETY HILL HOTEL," FEL-COR S-4 LEASING (SPEC), LLC, doing business as "SHERATON SOCIETY HILL HOTEL," SHERATON SOCIETY HILL HOTEL, TASTE RESTAURANT, ANDREW HEISS, ROBERT DUNN, and LEONARD BUCKLEY, <br>    Defendants. | CIVIL ACTION <br><br> NO. 14-587 |

**DuBOIS, J.**                                   **April 16, 2014**

**M E M O R A N D U M**

I.  INTRODUCTION

    This case arises out of a fight at the Sheraton Society Hill Hotel ("Sheraton Hotel") on

October 7, 2012, during which plaintiffs' decedent, Vincent V. Sannuti ("Mr. Sannuti" or

1

"decedent"), died from an apparent heart attack. On October 31, 2013, plaintiffs — decedent's children and son-in-law — brought this action in the Court of Common Pleas of Philadelphia County against corporate defendants doing business as Sheraton Hotel ("the corporate defendants") and individual defendants who worked at the Sheraton Hotel ("the individual defendants"). Plaintiffs allege negligence, negligent infliction of emotional distress, wrongful death, and a survival action pursuant to 42 Pa. C.S.A. § 8302 and 20 Pa. C.S.A. § 3371. On January 27, 2014, defendants removed the case to this Court, and, on February 18, 2014, plaintiffs filed the instant Motion to Remand the case back to the Court of Common Pleas of Philadelphia County. For the reasons stated below, the Court grants plaintiffs' Motion and remands the case.

## II.   BACKGROUND

Plaintiffs' Complaint alleges that, in the early morning hours of October 7, 2012, Mr. Sannuti and several members of his family were at Taste Restaurant inside the Sheraton Hotel following a wedding reception for Mr. Sannuti's niece. Compl. ¶¶ 53-60, 82. Inside the restaurant, a large fight broke out between several intoxicated patrons. *Id.* ¶¶ 61-63, 70-77. Mr. Sannuti, his children, and his son-in-law were caught in the middle of the fight. *Id.* ¶¶ 86-88. Within seconds of escaping the scene, Mr. Sannuti collapsed just outside the Sheraton Hotel due to an apparent heart attack. *Id.* ¶ 89. He was pronounced dead shortly thereafter. *Id.* ¶ 93.

On October 31, 2013, plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, and on January 24, 2014, defendants filed a timely notice of removal pursuant to 28 U.S.C. § 1441(a), claiming diversity jurisdiction under 28 U.S.C. § 1332. Defs.' Notice of Removal ¶¶ 16-17.

There is no dispute that plaintiffs are citizens of Pennsylvania and New Jersey, the corporate defendants are citizens of Texas and Connecticut, and the individual defendants are citizens of

Pennsylvania.  Pls.' Mem. 4; Defs.' Mem. 2.  The individual defendants are three employees at the Sheraton Hotel:  Andrew Heiss, Food and Beverage Manager; Robert Dunn, Security Personnel; and Leonard Buckley, General Manager.  Pls.' Compl. ¶¶ 35, 38, 41.  Defendants argue that diversity of citizenship exists because the individual defendants are nominal defendants whose citizenship must be disregarded in determining diversity jurisdiction.  Defs.' Notice of Removal ¶¶ 12-13.

On February 18, 2014, plaintiffs filed the pending Motion to Remand, arguing that the individual defendants are not nominal defendants and, therefore, that there is no diversity of citizenship.

### III.   LEGAL STANDARD

In the absence of a federal question, removal to federal court usually requires complete diversity of citizenship of the parties.  28 U.S.C. § 1441(b).  There is an exception to this rule applicable to nominal parties whose citizenship must be disregarded for purposes of diversity jurisdiction.  *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).  A nominal party is one "without a real interest in the litigation," *id.*, and is generally "named to satisfy state pleading rules, or [is] joined only as [the] designated performer of a ministerial act, or otherwise ha[s] no control of, impact on, or stake in the controversy."  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 92 (2005) (citations omitted).  "A party is [not nominal] if the plaintiff states a cause of action against the party, and seeks relief from the party."  *Isaac v. Mitchell,* No. 08-2505, 2008 WL 2890947, at *2 (E.D. Pa. July 25, 2008); *see also Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir.1991) ("The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."); *Weston v. Progressive Commercial Holdings, Inc.*, No. 10-cv-980, 2011

WL 231709, at *2 (D. Del. Jan. 24, 2011) ("[A] nominal party is one who does not have an enforceable right or duty under substantive law.").

The party asserting federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Moreover, in evaluating a motion to remand, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

## IV.  DISCUSSION

The parties' dispute centers on whether plaintiffs have alleged a cognizable tort claim against the individual defendants; as noted above, if a cognizable claim is alleged, the individual defendants are not nominal parties and there is no diversity of citizenship. Defendants argue that plaintiffs have not alleged a cognizable claim because plaintiffs do not allege any specific tortious act by the individual defendants. Plaintiffs disagree, arguing that under Pennsylvania law they have stated claims against the individual defendants pursuant to the "participation theory" of liability.

Under the "participation theory," a corporate employee acting within the scope of his or her employment may be held liable for torts committed by the corporation in which he or she personally participates. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983); *see also Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 663 (E.D. Pa. 2012) ("Pennsylvania law recognizes that managers of a corporation may be held liable for torts committed by the corporation under the participation theory."), *reconsideration denied*, No. 12-cv-490, 2013 WL 5298573 (E.D. Pa. Sept. 20, 2013).

Liability under the participation theory attaches only to torts arising out of the employee's "misfeasance." *Wicks*, 470 A.2d at 90. Pennsylvania courts have defined "misfeasance" as "the

doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it." *Brindley v. Woodland Village Rest., Inc.*, 652 A.2d 865, 868-870 (Pa. Super. 1995) (quoting *Nelson v. Duquesne Light Co.*, 12 A.2d 299, 303 (Pa. 1940)).  Accordingly, an allegation of mere "nonfeasance" — that an employee "should have known the consequences of the liability-creating corporate act" — is insufficient to impose liability under the participation theory.  *Wicks*, 470 A.2d at 90.  Defendants argue that "a close reading" of the Complaint reveals that plaintiffs allege only nonfeasance.  Defs.' Mem. 6.  The Court rejects this argument.

Plaintiffs allege, *inter alia*, that defendants: (1) "caus[ed] . . . alcoholic beverages to be sold or supplied to and consumed by patrons . . . at a time when Defendants knew . . . that said patrons . . . were visibly intoxicated," Compl. ¶ 101(uu); (2) "caus[ed] . . . overcrowding conditions inside the premises," *id.* ¶ 101(cc); and (3) "caus[ed] . . . relatively minor and controllable verbal and/or physical confrontations to escalate into assaults and crimes of violence," *id.* ¶ 101(gg).

Based on the above allegations, and construing all doubts in favor of remand, as this Court must, the Court concludes that defendants have not carried their burden of proving that the individual defendants are nominal parties.  The Court cannot determine, on the present state of the record, that the individual defendants were not involved in misfeasance.  Accordingly, defendants have failed to establish federal diversity jurisdiction, and the Court grants plaintiffs' Motion to Remand to the Court of Common Pleas of Philadelphia County.

## V.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion to Remand.  An appropriate order follows.